[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff seeks to vacate and defendant seeks to confirm an arbitration award.
FACTS CT Page 1968
The submission is as follows:
 "Did the administration violate Article VI Section G2 of the 1985-89 contract between the parties when the administration did not include longevity payments as part of the teachers annual salary for the purpose of calculating severance pay?
If so, what shall the remedy be?"
On March 9, 1990 arbitrator made the following award:
 The administration violated Article VI Section G2 of the contract when it did not include longevity payment as part of the teachers annual salary for the purpose of calculating severance pay.
 The Board shall include longevity payments in annual salary for calculations of severance pay for all teachers for whom severance pay has been or will be calculated after June 9, 1989.
Article VI, Section G2 of the parties' contract provides:
 Upon the death of an employee or upon retirement under the City and/or State pension plan, an employee, or his/her beneficiary, shall be entitled to severance pay at the rate of one day's pay at his/her daily rate times the product of his/her total unused accumulated sick days over the years he/she has been in service in the City of Hartford, multiplied by a factor of 20%. The daily rate would be determined by dividing the teacher's annual salary by 180. Effective July 1, 1988 the percentage factor of 20% listed above shall be increased to 30%.
LAW
As well as being strictly bound by the submission, the arbitrator is also bound by the contract terms. Board of Education v. AFSCME, 195 Conn. 256, 271.
The Agreement between the parties provides in Article III, Section D2 that the arbitrator "shall have no power to add to, delete from, or modify in any way any of the provisions of this Agreement." In this case the contract dispute is solely about whether or not the expression CT Page 1969 "annual salaries" in Article VI, Section G2 includes "longevity pay" when applied to severance pay due an employee. The issue was not about retirement, fringe benefits or a contract definition of annual salary for all purposes.
The arbitrator went beyond interpreting the contract and added to it. This the arbitrator may not do.
Motion to vacate is granted.
Motion to confirm is denied.
N. O'Neill, J.